

```
ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 15 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SERVICECLOUD, LLC, a Georgia Corporation, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 1 09-CV-2861 TWT |
| v. | ) ) JURY TRIAL DEMANDED |
| SALESFORCE.COM, INC., a Delaware Corporation, | ) ) ) |
| Defendant. | ) ) |

## VERIFIED COMPLAINT

Plaintiff, ServiceCloud, LLC, a Georgia Corporation, states as its Complaint as follows:

### INTRODUCTION

1. This is a civil action for Federal unfair competition due to trade name infringement and Federal unfair competition due to service mark infringement arising under Section 43 of the Lanham Act of 1946, 15 U.S.C. §1125, and for common law unfair competition due to trade name infringement and common law unfair competition due to service mark infringement arising under the common law of the State of Georgia. Plaintiff, ServiceCloud, LLC, seeks preliminary and permanent injunctive relief, damages, punitive damages, attorneys' fees, costs, and

1

interest.

## JURISDICTION

2. This Court has jurisdiction over all causes of action set forth herein based on 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. §1367.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) and (c).

4. The Court has personal jurisdiction over Defendant because Defendant regularly and continuously conducts business in the State of Georgia and within this judicial district and division.

## THE PARTIES

### Plaintiff, ServiceCloud, LLC

5. Plaintiff, ServiceCloud, LLC ("ServiceCloud"), is a Georgia corporation, with its principal place of business located at 1643 Mount Vernon Road, Suite 300, Atlanta, Georgia 30338.

6. In 2006, ServiceCloud began using the mark "SERVICECLOUD" on and in association with its computer services, namely computer system administration for others.

7. Since at least June 1, 2006, ServiceCloud has continuously used

"SERVICECLOUD" as a trade name and service mark representative of its business, reputation, and quality services.

8. On September 23, 2009, ServiceCloud filed an application to federally register its "SERVICECLOUD" service mark with the United States Patent & Trademark Office. On October 6, 2009, ServiceCloud's "SERVICECLOUD" service mark was federally registered as Registration No. 3,692,343.

9. As a result of ServiceCloud's long, continuous, and wide spread use of its "SERVICECLOUD" trade name and service mark on and in association with its computer services, "SERVICECLOUD" has become associated with ServiceCloud, has acquired a secondary meaning, and has become an asset of substantial value as a symbol of ServiceCloud, its quality name, quality services, and goodwill.

10. ServiceCloud's "SERVICECLOUD" trade name and service mark is inherently distinctive.

### Defendant, Salesforce.com, Inc.

11. Defendant, Salesforce.com, Inc. ("Defendant"), is a Delaware corporation, with its principal place of business located at The Landmark @ One Market Street, Suite 300, San Francisco, California 94105.

12. On information and belief, Defendant has and continues to use "Service Cloud" to advertise, offer for sale, and sell computer services, including the

administration of computer systems.

13. On information and belief, Defendant did not start using "Service Cloud" until January 16, 2009, approximately two and ½ years after ServiceCloud adopted and began using its "SERVICECLOUD" trade name and service mark.

14. On information and belief, when Defendant first began using the "Service Cloud" designation, Defendant knew that ServiceCloud had long been using its "SERVICECLOUD" trade name and service mark and that ServiceCloud owned the "SERVICECLOUD" trade name and service mark.

15. On information and belief, no later than June 23, 2009, Defendant knew that ServiceCloud had long been using its "SERVICECLOUD" trade name and service mark and that ServiceCloud owned the "SERVICECLOUD" trade name and service mark.

16. On information and belief, Defendant began using, and continued using, the designation "Service Cloud" despite Defendant's knowledge of ServiceCloud's adoption and prior use of its "SERVICECLOUD" trade name and service mark.

17. On information and belief, Defendant intentionally began using and/or continued its use of the designation "Service Cloud" to trade upon ServiceCloud's well-established reputation and goodwill.

18. Defendant's "Service Cloud" designation is virtually identical to ServiceCloud's "SERVICECLOUD" trade name and service mark.

19. Defendant's "Service Cloud" designation has the same sight, sound, and meaning as ServiceCloud's "SERVICECLOUD" trade name and service mark.

20. Defendant's "Service Cloud" computer services are offered for sale and sold to the same and/or similar customers as to whom ServiceCloud offers for sale and sells its "SERVICECLOUD" computer services.

21. Defendant's "Service Cloud" computer services are offered for sale and sold through the same and/or similar channels of trade through which ServiceCloud offers for sale and sells its "SERVICECLOUD" computer services.

22. On information and belief, Defendant's use of "Service Cloud" has and continues to confuse the public. As such, Defendant's use of "Service Cloud" falsely represents to the trade and customers that Defendant's computer services originate from ServiceCloud, and that Defendant and/or Defendant's services are in some manner affiliated with ServiceCloud.

23. Due to the striking similarity of the Defendant's "Service Cloud" designation and ServiceCloud's "SERVICECLOUD" mark, the general public, customers, and others are likely to be confused as to the source of services offered by ServiceCloud and Defendant.

24. On information and belief, actual confusion exists as to the source of services offered by ServiceCloud and Defendant.

25. Defendant is using "Service Cloud" in a willful attempt to confuse the public.

## COUNT ONE:

## FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN – TRADE NAME INFRINGEMENT

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. ServiceCloud first used the trade name "ServiceCloud" long before Defendant first used "Service Cloud." ServiceCloud is the original owner of the trade name "ServiceCloud." ServiceCloud has developed a local, national, and international reputation and a high degree of goodwill associated with its use of the trade name "ServiceCloud." ServiceCloud is substantially recognized by, and identified with, the trade name "ServiceCloud."

28. Defendant has and continues to use the designation "Service Cloud" in connection with its offers for sale and sales of computer services. Defendant's use of "Service Cloud" falsely describes and represents Defendant as being sponsored by, approved by, or affiliated with ServiceCloud. Defendant has caused, with knowledge of such false designation of origin or description or representation, such

6

designation to be used in interstate commerce.

29. Defendant has willfully promoted in interstate commerce its services using a confusing simulation of ServiceCloud's trade name "ServiceCloud," in such a manner so as to falsely designate an origin or an association with ServiceCloud, with ServiceCloud's trade name, and with ServiceCloud's reputation and goodwill, so as to cause confusion or mistake among consumers and the public as to the true origin, source, sponsorship or affiliation of the Defendant's services, all to Defendant's profit and to ServiceCloud's monetary damage. ServiceCloud has been irreparably damaged by Defendant's use of such false designation and misrepresentation.

30. Defendant has intentionally traded upon ServiceCloud's reputation and goodwill, established through ServiceCloud's long and continuous use and sales of its computer services under ServiceCloud's "ServiceCloud" trade name, by Defendant's use of a confusingly similar designation "Service Cloud" in similar channels of trade to similar customers.

31. Defendant's acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. §1125(a) [Lanham Act, §43(a)].

32. Defendant's will, if not enjoined by this Court, continue its acts of

unfair competition by the use of the false designation and false representations set forth above, which acts have caused, and will continue to cause ServiceCloud immediate and irreparable harm. Pursuant to 15 U.S.C. §1116 and Fed. R. Civ. P. 65(a), ServiceCloud is entitled to an Order of this Court enjoining Defendant's unlawful activities. ServiceCloud has no adequate remedy at law.

33. As a result of Defendant's conduct set forth above, ServiceCloud has been, and continues to be, irreparably damaged. Pursuant to 15 U.S.C. §1117, ServiceCloud is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by ServiceCloud; (3) treble damages; (4) such sum as the Court deems just; (5) ServiceCloud's attorneys' fees; (6) ServiceCloud's costs of this action; and (7) interest.

## COUNT TWO:

## FEDERAL UNFAIR COMPETITION – FALSE DESIGNATION OF ORIGIN – SERVICE MARK INFRINGEMENT

34. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. Defendant has and continues to use the designation "Service Cloud" in connection with its offers for sale and sales of computer services. Defendant's use of "Service Cloud" falsely describes and represents Defendant as being sponsored by, approved by, or affiliated with ServiceCloud. Defendant has caused, with

knowledge of such false designation of origin or description or representation, such designation to be used in interstate commerce.

36. Defendant has willfully promoted in interstate commerce its services using a confusing simulation of ServiceCloud's service mark "SERVICECLOUD," in such a manner so as to falsely designate an origin or an association with ServiceCloud, with ServiceCloud's service mark, and with ServiceCloud's reputation and goodwill, so as to cause confusion or mistake among consumers and the public as to the true origin, source, sponsorship or affiliation of the Defendant's services, all to Defendant's profit and to ServiceCloud's monetary damage. ServiceCloud has been irreparably damaged by Defendant's use of such false designation and misrepresentation.

37. Defendant has intentionally traded upon ServiceCloud's reputation and goodwill, established through ServiceCloud's long and continuous use and sales of its computer services under ServiceCloud's federally registered "SERVICECLOUD" service mark, by Defendant's use of a confusingly similar designation "Service Cloud" in similar channels of trade to similar customers.

38. Defendant's acts, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. §1125(a) [Lanham Act, §43(a)].

39. Defendant's will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representations set forth above, which acts have caused, and will continue to cause ServiceCloud immediate and irreparable harm. Pursuant to 15 U.S.C. §1116 and Fed. R. Civ. P. 65(a), ServiceCloud is entitled to an Order of this Court enjoining Defendant's unlawful activities. ServiceCloud has no adequate remedy at law.

40. As a result of Defendant's conduct set forth above, ServiceCloud has been, and continues to be, irreparably damaged. Pursuant to 15 U.S.C. §1117, ServiceCloud is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by ServiceCloud; (3) treble damages; (4) such sum as the Court deems just; (5) ServiceCloud's attorneys' fees; (6) ServiceCloud's costs of this action; and (7) interest.

## COUNT THREE:

### COMMON LAW TRADE NAME INFRINGEMENT

41. Paragraphs 1 through 40 are realleged and incorporated herein by reference.

42. The aforementioned unauthorized use by Defendant of "Service Cloud," a designation confusingly similar to ServiceCloud's "ServiceCloud" trade name for computer services, is to the same class of customers as the class of

customers to which ServiceCloud offers for sale and sells its computer services under ServiceCloud's "ServiceCloud" trade name, and:

    a)    is likely to cause confusion, or to cause mistake or to deceive;

    b)    will lead others to believe that Defendant's computer services have a sponsorship, approval, status, affiliation or connection with ServiceCloud that they do not have; and

    c)    is a reproduction, counterfeit, copy or colorable imitation of ServiceCloud's "ServiceCloud" trade name used in connection with the sale and offering for sale of computer services and such use is likely to cause confusion or to cause mistake or to deceive.

43. ServiceCloud believes that the aforementioned acts of Defendant are being committed with the knowledge that such imitation is causing confusion, or is likely to cause confusion, or to cause mistake or to deceive. As such, the Defendant's aforementioned acts are intentional, willful, and are maliciously calculated to cause confusion, to cause mistake or to deceive.

44. Defendant will, if not preliminarily and permanently enjoined by this Court, continue its acts of common law trade name infringement set forth above, thereby deceiving the public, trading on ServiceCloud's substantial reputation and goodwill and causing ServiceCloud immediate and irreparable harm, damage and

injury. As ServiceCloud has no adequate remedy at law, ServiceCloud is entitled to an Order of this Court enjoining Defendant's unlawful activities.

45. As a result of the Defendant's conduct set forth above, ServiceCloud has been, and continues to be, irreparably damaged. ServiceCloud is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by ServiceCloud; (3) treble damages; (4) ServiceCloud's attorney fees; (5) ServiceCloud's costs of this action; and (6) interest.

## COUNT FOUR:

## COMMON LAW SERVICE MARK INFRINGEMENT

46. Paragraphs 1 through 45 are realleged and incorporated herein by reference.

47. The aforementioned unauthorized use by Defendant of a designation confusingly similar to ServiceCloud's "SERVICECLOUD" service mark for computer services is to the same class of customers as the class of customers to which ServiceCloud offers for sale and sells its computer services under ServiceCloud's "SERVICECLOUD" service mark, and:

    a) is likely to cause confusion, or to cause mistake or to deceive;

    b) will lead others to believe that Defendant's computer services have a sponsorship, approval, status, affiliation or connection with ServiceCloud

that they do not have; and

c) is a reproduction, counterfeit, copy or colorable imitation of ServiceCloud's "SERVICECLOUD" service mark used in connection with the sale, offering for sale, or advertising of computer services, and such use is likely to cause confusion or to cause mistake or to deceive.

48. ServiceCloud believes that the aforementioned acts of Defendant are being committed with the knowledge that such imitation is causing confusion, or is likely to cause confusion, or to cause mistake or to deceive. As such, the Defendant's aforementioned acts are intentional, willful, and are maliciously calculated to cause confusion, to cause mistake or to deceive.

49. Defendant will, if not preliminarily and permanently enjoined by this Court, continue its acts of common law service mark infringement set forth above, thereby deceiving the public, trading on ServiceCloud's substantial reputation and goodwill and causing ServiceCloud immediate and irreparable harm, damage and injury. As ServiceCloud has no adequate remedy at law, ServiceCloud is entitled to an Order of this Court enjoining Defendant's unlawful activities.

50. As a result of the Defendant's conduct set forth above, ServiceCloud has been, and continues to be, irreparably damaged. ServiceCloud is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by ServiceCloud; (3)

treble damages; (4) ServiceCloud's attorney fees; (5) ServiceCloud's costs of this action; and (6) interest.

## COUNT FIVE:

## COMMON LAW UNFAIR COMPETITION

51. Paragraphs 1 through 50 are realleged and incorporated herein by reference.

52. As a result of ServiceCloud's use, advertising, offers for sale, and sales of services under its "SERVICECLOUD" trade name and service mark, and the public's association of the "SERVICECLOUD" trade name and service mark with ServiceCloud, the Defendant's use of a deceptively similar designation, "Service Cloud," in connection with services that are the same as, or substantially similar to, the services of ServiceCloud is likely to cause confusion, mistake, and to deceive as to the source, origin, sponsorship, or affiliation of the business, services and related goods of the Defendant.

53. Defendant has offered for sale and has sold its services in connection with its infringing designation with full prior knowledge of ServiceCloud's "SERVICECLOUD" trade name and service mark. Defendant's offers for sale and sales of such services were and are for the willful and calculated purpose of trading on ServiceCloud's reputation and goodwill.

14

54. On information and belief, Defendant has willfully developed, promoted, and sold its services in such a manner so as to suggest an association, affiliation, sponsorship with, or approval by ServiceCloud and so as to cause, or to be likely to cause, confusion or mistake among purchasers as to the origin of the Defendant's services, all to the Defendant's profit and to ServiceCloud's monetary damage.

55. The aforesaid conduct of Defendant constitutes infringement of ServiceCloud's common law "SERVICECLOUD" trade name and service mark, and further constitutes unfair competition. Defendant's conduct has irreparably damaged and will continue to irreparably damage ServiceCloud's reputation and goodwill.

56. Unless enjoined and restrained by this Court, Defendant will continue its acts of unfair competition, thereby deceiving and confusing the public and causing ServiceCloud immediate and irreparable harm, damage, and injury. ServiceCloud is entitled to an Order of this Court enjoining Defendant's unlawful activities. ServiceCloud has no adequate remedy at law.

57. As a result of Defendant's conduct set forth above, ServiceCloud has suffered damages. ServiceCloud is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by ServiceCloud; (3) treble damages; (4)

ServiceCloud's attorney fees; (5) ServiceCloud's costs of this action; and (6) interest.

**WHEREFORE**, Plaintiff ServiceCloud, LLC prays:

(1) That Defendant, its corporate officers, agents, servants, employees and attorneys, and those persons in active concert or participation with it, be preliminary and permanently enjoined and restrained:

(a) from using "Service Cloud," or any other designation, trademark, service mark, mark, or name confusingly similar to Plaintiff's "SERVICECLOUD" trade name and service mark for computer services;

(b) from otherwise infringing upon ServiceCloud's rights in and to its "SERVICECLOUD" trade name and service mark and from otherwise unfairly competing with ServiceCloud in any manner;

(c) from offering for sale and selling computer related services under "Service Cloud" or any other designation, trade name, service mark or trademark confusingly similar to ServiceCloud's "SERVICECLOUD" trade name and service mark.

(2) That Defendant be ordered to deliver up for destruction its documents, signs, packages, forms, advertisements, business cards, letterheads, web site pages and information, and other representations and means for reproducing the same or

any printed material bearing "Service Cloud," or any designation, trade dress, trademark, service mark, mark, or name confusingly similar to ServiceCloud's "SERVICECLOUD" trade name and service mark, and to obliterate, destroy or remove all other uses or designations confusingly similar to ServiceCloud's "SERVICECLOUD" trade name and service mark.

(3) That Defendant be directed to file with the Court and serve on ServiceCloud, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(4) That an accounting be conducted and judgment be entered against Defendant for:

(a) all profits received by Defendant from its offering for sale and selling of computer services which appear in commerce under a designation similar to ServiceCloud's "SERVICECLOUD" trade name and service mark, directly or indirectly;

(b) all damages sustained by ServiceCloud on account of, inter alia, Defendant's unfair competition, false designation of origin, false description or representation, trade name infringement, and service mark infringement pursuant to 15 U.S.C. §1117 et. seq. and the common law; and

(c) actual compensatory damages in an amount not presently known, but to be computed during the pendency of this action.

(5) That such damages assessed against Defendant be trebled as provided by 15 U.S.C. §1117.

(6) That Defendant be required to pay to ServiceCloud monetary damages to be used for corrective advertising to be conducted by ServiceCloud.

(7) That ServiceCloud have and recover its costs in this suit, including reasonable attorneys' fees and expenses.

(8) That ServiceCloud have such other and further relief as the Court may deem just and proper.

* * * * * * *

## JURY DEMAND

Plaintiff, ServiceCloud, LLC, demands a trial by jury of all issues so triable.

THIS 15th day of October, 2009.

                                        Respectfully submitted,

                                        */s/ Stephen R. Risley*
Stephen R. Risley
Georgia Bar No. 606545
SENTRY LAW GROUP
Two Ravinia Drive
Suite 700
Atlanta, Georgia 30346
Telephone: (404) 815-9300
Facsimile: (7710) 804-0900
Email: srisley@sentrylg.com

Attorneys for Plaintiff
ServiceCloud, LLC

## VERIFICATION

Under penalty of perjury, the undersigned certifies that the factual statements set forth in this Verified Complaint are true and correct, except as to factual matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*[signature]*
Ben Cherian
President
ServiceCloud, LLC

Subscribed and sworn to
and before me this 14th day
of October, 2009.

*[signature]*
Notary Public

*[Notary seal: JENNIFER L. PRITCHETT, MY COMMISSION EXPIRES JAN 14 2011, CHEROKEE CO., GEORGIA, NOTARY PUBLIC]*